### Z. T. Fort Produce Company v. B. C. Dissen.

Decided March 4, 1907.

**1.—Bill of Lading—Contract—Evidence of Custom.**

Through its broker and agent in Houston a produce company in Denver sold to a dealer in Houston a carload of vegetables at an agreed price f. o. b. Denver; the bill of lading was taken to "shipper's order, notify the dealer," with a notation upon it "inspection allowed." Upon arrival of the car the vegetables were in bad condition and the dealer refused to receive or pay for them. In a suit by the produce company against the dealer for the agreed price of the vegetables it was not error to permit the defendant to prove a general custom in Houston in sales of this kind of allowing the dealer to inspect the goods upon arrival and to reject them if not in good condition, notwithstanding they are shipped f. o. b. cars at place of shipment. The custom, being known to the agent, entered into and became part of the contract. The evidence was also admissible to explain the notation "inspection allowed."

**2.—Same—General Rule.**

While as a general rule a delivery to a carrier is a delivery to the consignee, still this rule may be changed by the contract of the parties.

**3.—Same—Usage.**

A usage may become a part of a contract when it is not so repugnant to the contract as to render it inconsistent and insensible.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Byers & Byers,* for appellant.—The court erred in permitting the defendant to introduce in evidence, over the objection of plaintiff, testimony as to a local custom among the produce dealers in Houston, Texas, to inspect perishable goods bought by them free on board car at Denver and other shipping points, after arrival of the goods in Houston, Texas, and in event same were found then to be in a decayed or unsound condition, to reject same. Ollisheimer & Bro. v. Foley, 15 Texas Ct. Rep., 593; Weinstein v. Harrison, 66 Texas, 546; Missouri Pac. Ry. v. Fagan, 72 Texas, 127; McKinney v. Fort, 10 Texas, 220; Bataglia v. Thomas, 23 S. W. Rep., 386; Champion Mach. Co. v. Ervay, 4 W. & W., 197; Barnard v. Kellog, 10 Wall. (U. S.), 383, 19 Law ed., 987; Hughes v. Bray, 60 Cal., 284; Dodd v. Farlow, 11 Allen (Mass.), 426, 87 Am. Dec., 726; 29 Am. & Eng. Ency. Law, 380, 381,

417; 15 Am. & Eng. Ency. Law, 1248; 1 Wait's Act. & Def., pp. 128, 129.

On a sale and purchase for cash of goods to be delivered by the seller free on board the car of carrier in Denver, Colorado, to the buyer in Houston, Texas, the property passed to the buyer when delivered in good condition on board car of the carrier selected by the buyer in Denver, the risk of damage becoming the buyer's from the time goods were shipped. Grief & Bro. v. Seligman, 11 Texas Ct. Rep., 126; Specialty Furniture Co. v. Kingsbury, 1 Texas Ct. Rep., 576; Lum & Fry v. Hale, 8 Texas Ct. Rep., 57; Gulf, W. T. & Pac. Ry. v. Browne, 3 Texas Ct. Rep., 719; Orthwein Sons v. Wichita Mills & Elevator Co., 7 Texas Ct. Rep., 998; Howard v. Emerson, 3 Texas Ct. Rep., 452.

*Hunt & Myer,* for appellee.—While it is not permissible to contradict by custom a positive rule of law, evidence of custom and usage, where it is shown that such custom and usage is a general one in a particular market, is admissible for the purpose of explaining and construing contracts made in such market upon the basis of such custom. Meaher v. Lufkin, 21 Texas, 384; Orient Mutual Ins. Co. v. Reymershoffer's Sons, 56 Texas, 236; Harrell v. Zimpleman et al., 17 S. W. Rep., 478; Brinefield v. Allen, 60 S. W. Rep., 1011; Bibb v. Allen, 149 U. S., 481 (Book 37 L. E., 819); Union Stock Yards & T. Co. v. Mallory, Son & Zimmerman Co., 41 N. E. Rep., 888 (Ill. Sup. Ct.); Iasigi v. Rosenstein (Ct. App. N. Y.), 36 N. E. Rep., 509; Atkinson v. Truesdell (Ct. App. N. Y.), 27 N. E. Rep., 844.

REESE, Associate Justice.—Z. T. Fort Produce Company is a produce dealer in Denver, Colorado. B. C. Dissen is a produce dealer in Houston, Texas. In September, 1905, T. H. Thompson, a produce broker in Houston, acting for, and as the agent of, the Fort Produce Company, sold to Dissen a carload of cabbage and other vegetables, for a price named. It was understood by the buyer that he was to pay freight on the goods from Denver to Houston. Nothing was said at the time of the sale about the terms further than that the prices quoted were f. o. b. cars at Denver, which seems to have been understood by both Thompson and Dissen to mean only that freight from Denver to Houston was to be paid by Dissen. The car of produce was delivered at Denver in good order to the carrier and bill of lading taken to "shipper's order notify B. C. Dissen" with a notation upon it, "inspection allowed." The produce company drew a draft on Dissen for the amount due, $385.02, with bill of lading attached, and sent same to a bank in Houston. When the draft was presented Dissen told the bank that as soon as the car arrived and he had inspected it if the produce was in good condition he would pay the draft.

When the car arrived it was inspected by Dissen, in company with Thompson. The produce was in bad condition and Dissen declined to receive it or to pay the draft. The stuff was sold by Thompson for $130 and the proceeds remitted to the produce company.

This suit is brought by the produce company to recover $385.02, the agreed price of the goods, but plaintiff admitted that it was subject to a credit of $130 received as the proceeds of sale of the car. Upon the trial

before a jury a peremptory instruction was given to find for the defendant. From the judgment the plaintiff appeals.

The various assignments of error present the question of the error of the court in admitting evidence, over objection of appellant, of a general custom in Houston among produce dealers, by reason of which, in all cases where produce such as was embraced in this sale is ordered from a dealer involving a shipment to Houston, the buyer is allowed to inspect the goods upon arrival, and if not in good condition to reject them, notwithstanding the goods are sold f. o. b. cars at place of shipment. The undisputed evidence showed the existence of such a custom at Houston. Thompson, the broker and agent of appellant, who had been for many years engaged in business there, first as a produce dealer and afterwards as produce broker, testified fully and unequivocally as to the existence of such custom, that it was invariable and general among produce dealers in Houston, and that it was well known. His testimony shows that the custom was well known to him when he made the sale to appellee, and while he has not so testified in direct words, it is a reasonable, if not necessary, conclusion or inference from his testimony that he understood that the sale to Dissen was made with regard to this custom. Upon this point appellee testifies positively. The existence of the custom was conclusively established by the testimony of several produce dealers, and is not attempted to be disputed. It was further shown and was not disputed that the bill of lading contained the notation "inspection allowed."

It is contended by appellant that the purpose of the evidence as to the custom referred to was to create a warranty when none was created by the contract. This is not correct. Appellee did not contend that there was any warranty. If his contention is correct about the contract no warranty was needed to protect him. The right of inspection and rejection gave him all the protection he needed. It is further contended that such a custom as was claimed by appellee was in violation of the terms of the contract and of established rules of law. The custom being known to Thompson, the agent of appellant, and being in fact of such a general character that appellant itself in dealing with produce dealers in Houston would be required to take notice of it, became a part of the contract which is shown to have been made with reference to it.

It is true, as contended by appellant, that the general rule is that a delivery by the seller to the carrier is a delivery to the consignee and that the goods are thereafter at his risk, but this general rule may be changed by a contract that the rights of the parties shall be otherwise.

It is said by Mr. Lawson in his work on Usages and Customs, that the true test whether a usage is repugnant to the contract is that the usage must be such that if expressed in the contract would make it insensible or inconsistent. (Lawson Usages and Customs, 435; 29 Am. & Eng. Ency. of Law, 422.) It would not have violated any rule of law if the parties had contracted for inspection and rejection, and under the undisputed evidence as to the custom referred to which became a part of the contract, this is what was done.

Evidence of the custom referred to was further admissible to explain the full significance of the notation on the bill of lading "inspection allowed." No attempt is made by appellant to give these words any other signification than that given them by appellee and his witnesses, as ex-

plained by the custom referred to, that they referred to the right of inspection, and rejection if found in bad condition. We have been unable to see what other signification could be attached to these words in the bill of lading. They necessarily meant a right of inspection before delivery. After delivery appellee had no need of permission to inspect, and inspection before delivery would have been an idle ceremony, unless some right was to accrue to appellee upon such inspection if the goods were not in good condition. Really the only reasonable interpretation to be given this language in the bill of lading taken by appellant and inserted, of course by its direction, is in accordance with the custom proven by appellee. We are of the opinion that the court did not err in admitting the testimony.

This practically disposes of all the assignments of error. Upon this evidence, which was undisputed and the other undisputed evidence as to the condition of the goods upon arrival, there was no issue to be left to the jury, and it was proper to direct a verdict for appellee. There being no error the judgment is affirmed.

*Affirmed.*